LIU & NAIME
OMAR M. NAIME, State Bar No. 234337
omn@socalfamlaw.com
Physical Address
145 S. Spring Street, Suite 850
Los Angeles, California 90012

Mailing Address
8605 Santa Monica Blvd., PMB 70425
West Hollywood, CA 90069-4109
Telephone: (909)941-4114
Facsimile: (909)941-4118

Attorneys for Plaintiff
ANDREW CARDENAS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CARDENAS by and through his guardian ad litem, JACQUELINE HERMANN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SAN BERNARDINO CITY UNIFIED SCHOOL DISTRICT; and DOES 1-10,<br><br>　　　　Defendants. | **CASE NO.: 5:21-cv-1334**<br><br>**COMPLAINT**<br><br>1) THE AMERICANS WITH DISABILITIES ACT OF 1990;<br>2) UNRUH CIVIL RIGHTS ACT;<br>3) CALIFORNIA DISABLED PERSONS ACT;<br>4) SECTION 504 OF THE REHABILITATION ACT OF 1973<br><br>**JURY TRIAL DEMANDED** |

　　　　PLAINTIFF, Andrew Cardenas by and through his guardian *ad litem*, Jacqueline Hermann, alleges as follows:

## INTRODUCTION

　　1.　　Plaintiff submits this claim for violations of his civil rights based upon the Defendants' violations of Federal and California laws.

2. Plaintiff is a disabled student with an intellectual disability, epilepsy, and mobility, vision, and hearing impairments. Plaintiff is confined to a wheelchair and requires a wheelchair to access his education.

3. Section 504 of the Rehabilitation Act of 1973 ("Section 504") was enacted almost fifty (50) years ago.  Section 504 prohibits recipients of federal financial assistance from discriminating against people with disabilities.

4. The Americans with Disabilities Act ("ADA") was enacted more than thirty (30) years ago, on July 26, 1990. The ADA expands on Section 504 in that it is not limited to receipients of federal financial assistance. The ADA established, and remains, the most important and comprehensive civil rights for persons with disabilities in our country's history. The ADA prohibits discrimination and guarantees that people with disabilities have the same opportunities as everyone else to participate in the mainstream of American life. A principal purpose of the ADA is the integration of people with disabilities into all aspects of social life, including schools. (42 U.S.C. § 1210(a).)

5. Despite these long-standing mandates, Plaintiff suffered deprivations of his civil rights because of Defendants' violations of federal and state disability laws. Plaintiff is a special education student within the jurisdictional boundaries of the San Bernardino City Unified School District ("SBCUSD" or "DISTRICT"). Plaintiff was unable to attend school from or about August 19, 2019 through and including December 2019 because he was not provided appropriate transportation which could accommodate his wheelchair. Not only have Defendants violated the Section 504 and the ADA, they have violated state disability laws as set forth herein.

6. Defendants violated federal and state non-discrimination laws in the fall of the 2019-2020 school year. Plaintiff missed over two (2) months of school and several field trips because Defendants failed to provide transportation that could accommodate his wheelchair or that had a wheelchair lift in the fall of the 2019-2020 school year.

7. Plaintiff seeks damages against Defendants for denying him full and equal access to Defendants' programs, services, and activities.

## JURISDICTION

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for claims arising under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, and 29 U.S.C §§ 794, *et seq.* for claims arising under Section 504 of the Rehabilitation Act of 1973.

9. Through the same actions and omissions that form the basis of Plaintiff's federal claims, Defendants have also violated Plaintiff's rights under state law, over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## VENUE

10. Pursuant to 28 U.S.C. section 1391(b), venue is proper in the district in which the Complaint is filed, which is the judicial district in which the claims have arisen, the Central District of California.

## PARTIES

11. At all times relevant and mentioned herein, Plaintiff was, and is, enrolled as a student through the DISTRICT. Plaintiff is a twenty-one (21) year-old young man with disabilities, including but not limited to, an intellectual disability, epilepsy, and mobility, vision, and hearing impairments. At all times relevant and mentioned herein, Plaintiff was, and is, wheelchair bound. At all times relevant and mentioned herein, Plaintiff did, and does, qualify for special education and related services under the Individuals with Disabilities Education Act ("IDEA"). At all times relevant and mentioned herein, Plaintiff was, and is, a person with a disability within the meaning of all applicable state and federal disability non-discrimination laws. This action is brought by Ms. Hermann on behalf of Plaintiff.

12.     Plaintiff is informed and believes, and thereupon alleges, that at all times relevant and mentioned herein, Defendant SAN BERNARDINO CITY UNIFIED SCHOOL DISTRICT ("DISTRICT"), was, and is, a local government entity within the meaning of the Title II of the ADA, recipient of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, and has at least 50 employees. DISTRICT is also the recipient of financial assistance from the State of California. At all times relevant and mentioned herein, DISTRICT was, and is, a business establishment within the meaning of the Unruh Civil Rights Act. DISTRICT is sued in its own right and on the basis of the acts of their officials, agents and employees.

13.     The true names and capacities, whether individual, plural, corporate, partnership, associate or otherwise, of DOES 1 through 10 inclusive, and each of them, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOES 1 through 10 was, and is, responsible in some way for the events and damages alleged herein. Plaintiff will amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

14.     Plaintiff is informed and believes and thereon alleges that at all times relevant and mentioned herein, Defendants, including DOES 1 through 10, and each of them, were, and are, agents, ostensible agents, masters, servants, employers, employees, representatives, alter egos, trustors, trustees, affiliates, related entities, successors in interest, partners, associates and/or joint venturers, or such similar capacities, of each other, and were, and are, as such, acting or failing to act within the course and scope of each aforementioned capacity, and with the consent, permission, authorization or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of

herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

15. Hereafter, references to "Defendants" shall include paragraphs 12 through 14, inclusive, above.

## FACTUAL ALLEGATIONS

16. Plaintiff realleges and incorporates as if fully stated herein, each and every allegation and statement contained in paragraphs 1 through 15 inclusive, of the Complaint.

17. Plaintiff is a student with disabilities that qualifies for special education and related services under the IDEA. *Inter alia*, Plaintiff has an intellectual disability, epilepsy, is wheelchair bound, and has vision and hearing impairments.

18. Plaintiff is a special education student within the jurisdictional boundaries of the San Bernardino City Unified School District ("SBCUSD" or "DISTRICT"). Plaintiff was unable to attend school from or about August 19, 2019 through and including December 2019 because he was not provided appropriate transportation which could accommodate his wheelchair. Specifically, the vehicle was not equipped with a wheelchair lift.

19. Unfortunately, Defendants violated federal and state anti-discrimination statutes failing to provide transportation that could accommodate Plaintiff's wheelchair or that had a wheelchair lift. Plaintiff missed over two (2) months of school and several field trips because of the lack of appropriate transportation.

20. As a result of Defendants' discrimination, Plaintiff has been denied participation in, and the benefits of, the programs, services, and activities, of DISTRICT.

21. Plaintiff has suffered, *inter alia,* humiliation, emotional distress, a violation of his civil rights, and the loss of educational opportunities.

## FIRST CAUSE OF ACTION

(Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* - Against All Defendants)

22. Plaintiff realleges and incorporates as if fully stated herein, each and every allegation and statement contained in paragraphs 1 through 21, inclusive, of the Complaint.

23. Congress enacted the ADA upon finding, *inter alia*, that "society has tended to isolate and segregate individuals with disabilities," and that such forms of discrimination continue to be a "serious and pervasive social problem." Congress explicitly cited education as a critical area where such discrimination persists. (42 U.S.C. § 12101(a)(2)-(6).)

24. In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." (42 U.S.C. § 12101(b)(1)-(2).)

25. Defendants' acts and omissions alleged herein are in violation of the Americans with Disabilities Act, 42 U.S.C. sections 12101, *et seq.*, and the regulations promulgated thereunder 28 C.F.R Parts 35, *et seq.*

26. 42 U.S.C. section 12132 of the Americans with Disabilities Act, states, "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity."

27. As described herein, Plaintiff is a qualified individual with a disability.

28. As described herein, Defendant DISTRICT is a public entity subject to Title II of the ADA.

29. Defendant DISTRICT has failed in its responsibilities to provide its services, programs and activities in a full and equal manner to disabled persons as described herein, including failing to ensure that educational services are provided on an equal basis to children with disabilities free of discrimination and hostility towards their disability.

30. Defendant DISTRICT has failed in its responsibilities to provide its services, programs and activities in a full and equal manner to disabled persons as described herein by discriminating against Plaintiff by reason of his disability.

31. Defendants' conduct as described herein violated the Americans with Disabilities Act, in that Plaintiff, a student with disabilities, was not provided programs, services and activities that were provided to non-disabled students, or was provided programs, services and activities that were not equal to, and are inferior to, the services provided non-disabled students.

32. Defendants' acts and omissions as herein alleged have excluded and denied Plaintiff full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations of DISTRICT, and Defendants have thus discriminated against him on the basis of his disability in violation of the Americans with Disabilities Act, 42 U.S.C. sections 12101, *et seq.*, and the regulations promulgated thereunder 28 C.F.R Parts 35, *et seq*.

33. As a direct and proximate result of the aforementioned acts of Defendants, Plaintiff has suffered emotional distress, loss of his civil rights, and the loss of educational opportunities on the basis of his disability.

34. As a proximate result of the actions of Defendants as described herein, Plaintiff is entitled to Damages according to proof, Plaintiff's reasonable attorney's fees, Plaintiff's cost of suit incurred herein, and such other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

(Violation of California Civil Code §§51, *et seq*. (Unruh Act)

As against All Defendants)

35. Plaintiff realleges and incorporates as if fully stated herein, each and every allegation and statement contained in paragraphs 1 through 34, inclusive, of the Complaint.

36. Through the acts and omissions described herein, Defendants have violated California Civil Code § 51(b), which provides in pertinent part, that, "[A]ll persons within the jurisdiction of this state are free and equal, and no matter what his … disability or medical condition … are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

37. Plaintiff is, and at all times herein relevant, was, disabled as defined in California Government Code sections 12926 and 12926.1 and has one or more medical conditions as defined in California Government Code section12926(h).

38. Defendants DISTRICT a is a "business establishment" within the meaning of California Civil Code §§ 51, et seq.

39. As a person within the jurisdiction of the State of California, Plaintiff was, and is, entitled to full and equal accommodations and treatment and is entitled to be free from discrimination on the basis of his disabilities and medical conditions.

40. Defendants have deprived Plaintiff of his civil rights in violation of California Civil Code section 51 *et seq*. by, *inter alia*, denying, or aiding or inciting the denial of Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges or services offered by Defendants. Defendants have denied Plaintiff access because Defendants failed to provide transportation that could accommodate his wheelchair or that had a wheelchair lift in fall of the 2019-2020 school year.

41. Defendants have violated the Unruh Civil Rights Act in that the conduct alleged herein constitutes a violation of the ADA, pursuant to California Civil Code §51(f).

42. Pursuant to California Civil Code §52.1(f), Defendants are liable to Plaintiff for up to three times the amount of actual damages, but in no case less than $4,000.00 per violation.

43. As a proximate result of the acts and omissions of Defendants, as described herein, Plaintiff is entitled to damages according to proof, treble damages from individual Defendants, Plaintiff's reasonable attorney's fees, Plaintiff's costs of suit incurred herein, and such other and further relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION

(Violation of California Civil Code §§ 54, *et seq*. (California Disabled Persons Act – Against All Defendants)

44. Plaintiff realleges and incorporates as if fully stated herein, each and every allegation and statement contained in paragraphs 1 through 43, inclusive, of the Complaint.

45. Defendants are in violation of Plaintiff's right to full and equal access to DISTRICT.

46. By violating the ADA, as set forth above, Defendants have violated the California Disabled Persons Act.

47. As a proximate result of the acts and omissions of Defendants, as described herein, Plaintiff is entitled to damages according to proof, Plaintiff's reasonable attorney's fees, Plaintiff's costs of suit incurred herein, and such other and further relief as the Court deems just and proper.

///

///

# FOURTH CAUSE OF ACTION
(Violation of §504 of the Rehabilitation Act of 1973,
29 U.S.C. §§794, *et seq.* – Against the DISTRICT and DOES 1-10)

48. Plaintiff incorporates, by reference herein, paragraphs 1 through 47, as though fully set forth herein.

49. Defendants' acts and omissions described herein have resulted in unequal access to the facilities, programs, services, and activities provided by Defendants as alleged herein in violation of 29 U.S.C. sections 794, *et seq.*, the Rehabilitation Act of 1973, and the regulations promulgated thereunder, 34 C.F.R. Pt. 104, *et seq.*

50. Section 504 of the Rehabilitation Act of 1973 provides that "[N]o otherwise qualified individual with a disability in the United States of America shall be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity that receives Federal financial assistance."

51. As described herein, Plaintiff is a qualified individual with a disability.

52. Defendants are the recipients of Federal financial assistance sufficient to invoke the coverage of Section 504, including but not limited to, Federal financial assistance for the purpose of educating students with special needs, including Plaintiff.

53. Defendants unlawfully discriminated against Plaintiff on the sole basis of his disability.

54. Defendants have demonstrated a deliberate indifference that harm to Plaintiff's federally protected rights under 29 U.S.C. sections 794, *et seq.* was substantially likely, and failed to act upon that likelihood.

55. Solely by reason of his disabilities, Plaintiff has been excluded from participation in, denied the benefit of and subjected to discrimination in his attempt

to receive full and equal access to the facilities, programs, services and activities offered by Defendants.

56. As a proximate result of Defendants' failure to comply with their duties under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. sections 794, *et seq.* and the regulations promulgated thereunder, Plaintiff is entitled to Damages according to proof, Plaintiff's reasonable attorney's fees, Plaintiff's costs of suit incurred herein, and such other and further relief as the Court deems just and proper.

WHEREFORE, Plaintiff prays for relief as follows:

## **PRAYER FOR RELIEF**

1. That this Court award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this Court, and that these damages be trebled as permitted by statute;

2. That this Court award Plaintiff special and consequential damages according to proof;

3. That this Court award Plaintiff all litigation expenses and costs of this proceeding, and all reasonable attorneys' fees as provided by law;

4. For prejudgment interest pursuant to *California Civil Code* §3291; and

///
///
///
///
///
///
///

5. For such other and further relief as the Court may deem just and proper.

Dated: August 6, 2021                                                LIU & NAIME

                                                     By: /s/ Omar M. Naime
                                                          Omar M. Naime
                                                          Attorneys for Plaintiff

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury of all issues triable of right by jury.

Dated: August 6, 2021                                                LIU & NAIME

                                                     By: /s/ Omar M. Naime
                                                          Omar M. Naime
                                                          Attorneys for Plaintiff